WILLIAM JANES *v.* W. B. FONDA.     }

## [In Chancery.]

### *Deed, Reservation in.   Construction of.*

The following reservation was in the deed: " Reserving  \*  \*  \*  all the lime and cement stone in the ledge on said land, the right to use the lime kiln  \*  \*  \* or any other kiln or kilns which may be hereafter erected on said land, the right to build a kiln or kilns at any point on or near the said ledge, which shall be necessary for carrying on any amount of said business of burning lime, the right to lay down all necessary side tracks on or upon said land from the kiln now standing thereon, or to any which may be erected thereon, *to* the Vermont & Canada R. R.; reserving the kiln now built and the buildings now erected for storing lime;"  *Held*, that the owner of the reserved rights could lay down all necessary side tracks from the kilns to the railroad; that the words " to " and " from the kilns " mean to and from their locality, and that they could be used for the purposes named in the reservation.

BILL IN CHANCERY.   Heard on bill, answer and master's report, September Term, 1875, ROYCE, Chancellor.   Bill dismissed.

The master found that, November 28, 1857, one Smith owned a farm in Swanton, containing 182 acres of land, on which were situated certain quarries or ledges of limestone, and also one kiln and other buildings used in connection therewith for the purpose of carrying on the business of making lime; that a side track had been laid down from the Vermont & Canada Railroad to said kiln and about seventy feet beyond, which track was used for shipping the lime; that on said November 28, said Smith deeded the farm to L. Brainerd, Jr., reserving to " myself, my heirs, executors, administrators, and assigns, all the lime and cement stone," etc., as set out in the head note; that the orator is the owner of the farm deeded to Brainerd, and the defendant carries on the business of manufacturing lime under and by virtue of the reserved rights now owned by T. H. Fonda.   It was

also found that the defendant took possession in 1877; that his business of manufacturing lime had increased since that time, and that the necessity for increased facilities for receiving and storing wood had correspondingly increased; that he burned about 5,000 cords of wood in said business; that the extension of the track made by the defendant was necessary for the purpose of economically receiving and storing the wood; that the track now built and the land occupied in connection therewith are sufficient for the present business. The prayer of the bill was for an injunction to restrain the defendant from grading and building and using said railroad tracks.

*R. O. Sturtevant* and *H. C. Adams,* for the orator.

*Cross & Start,* for the defendant.

The opinion of the court was delivered by

TAFT, J. The defendant has the right, by the reservation in the deed under which he holds his quarry, to lay down all necessary side tracks from his kilns to the Vermont & Canada Railroad. To, or from, the kilns means to or from the locality where they are situate, in such a manner and to such an extent as to enable him to enjoy their use and possession for the purposes named in the reservation. It does not appear that he did, or attempted to do, anything that he had not a full right to do by the deed under which he claims.

Decree affirmed and cause remanded.